IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 0 8 2003

[Clerk's signature]
CLERK

FERNANDO RONALD HERRERA,

    Plaintiff,

v.

    No. CIV-03-0393 MCA/RLP

THE STATE OF NEW MEXICO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(A) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and appears pro se. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss a prisoner's complaint *sua sponte* under §1915(A) "or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts three claims. In the first claim, Plaintiff alleges that he was shot by

3

Defendant Romero and beaten by Defendants Abeyta and Godfrey while in custody, and later defrauded by Defendant Robinson. In the second claim, he alleges that a number of Defendants conspired to deprive him of a variety of constitutional rights in a state criminal proceeding. The third claim is for denial of necessary medical treatment. Certain documents are attached to the complaint in support of Plaintiff's assertion that he has exhausted administrative remedies. For relief, Plaintiff asks for a jury trial.

No relief is available on the first claim against Defendants Romero and Robinson. The claim against Defendant Romero was the subject of Plaintiff's complaint in *Herrera v. State*, No. CV-00-0766 BB/ACT. The prior complaint was dismissed for failure to exhaust administrative remedies, and the instant complaint makes no allegation that this claim has been exhausted. The claim against Defendant Robinson, Plaintiff's former counsel, fails to allege facts demonstrating a necessary element of a claim under § 1983: that a federal right was violated by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). A private attorney, by virtue of being an officer of the court, does not act under color of state law and so cannot be sued under § 1983 for actions taken in the course of representing a client. *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994). Claims against Defendants Romero and Robinson will be dismissed.

The conspiracy allegations in claim II likewise fail to support a claim under § 1983. In the first place, Plaintiff provides no factual support for this claim. "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Furthermore, relief can only be granted on conspiracy claims under § 1983 if the object

of the conspiracy was to deny Plaintiff a federally protected right. Defendants "may not be held liable under this theory . . . if there are no underlying constitutional violations." *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995) (citing *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir.1993); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Here, Plaintiff was convicted in the criminal proceeding, and thus, even assuming for purposes of this opinion that Defendants acted in concert, there was not an actionable conspiracy. Claim II will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Romero are DISMISSED without prejudice; claims against Defendants Robinson, State of New Mexico, New Mexico Dept. of Corrections, New Mexico Public Defender Dept., Judicial Standards Commission, Disciplinary Board, County of Santa Fe, Santa Fe Co. District Attorney's Office, Santa Fe Co. Public Defender Dept., Glick, Perry, Valdez, Holguin, Ferrara, Shanks, LeMaster, Lonsdale, Barela, Barreras, Dragger, Doss, Clipper, Gallegos, Rhoades, Mayfield, and McCallister are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, except for the Eighth Amendment violations alleged in claims I and III against Defendants Abeyta, Godfrey, and Penn, Plaintiff's claims are DISMISSED; and the Clerk is directed to issue summons, with notice and waiver forms, for Defendants Abeyta, Godfrey, and Penn.

_____
UNITED STATES DISTRICT JUDGE