FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO   DEC 17 2003

CLERK

FERNANDO RONALD HERRERA,

    Plaintiff,

v.   Civ. No. 03-393 MCA/RLP

THE STATE OF NEW MEXICO, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding brought pursuant to 48 U.S.C. § 1983. The district court earlier dismissed most of Plaintiff's claims against various defendants, leaving only the Eighth Amendment claims against Defendants Abeyta, Godfrey, and Penn. In brief, Plaintiff alleges that Defendants Abeyta and Godfrey assaulted and battered him and that Defendant Penn disregarded his serious medical and psychological needs thereafter.

2.    Plaintiff attached the grievance form he filed with prison authorities concerning the alleged assaults and batteries. Defendant Godfrey is listed; Defendant Abeyta is not. Plaintiff alleged the incident occurred on January 29, 2002. He filed his grievance on August 23, 2002. No grievance form against defendant Dr. Penn was attached. Plaintiff's grievance was rejected. See Exhibit to Complaint.

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

18

3.      On September 22, 2003 the court issued an Order requiring the defendants to submit reports pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). [Doc. 11]. Defendants Godfrey and Abeyta were requested to submit all grievance forms or other documents filed by Plaintiff concerning the January 29, 2002 incident at issue and a copy of the prison's policy for inmate grievances. Defendant Penn was requested to submit copies of the prison's policy for grievances against medical personnel; copies of Plaintiff's medical records from the January 29th incident; and any correspondence between Dr. Penn and Plaintiff. Defendants submitted their *Martinez* reports, Doc. 12 and 13, Plaintiff submitted two responses, Doc. 14 and 17, and Defendants filed replies, Doc. 15 & 16.

4.      Prison policy requires that inmates file their grievances within 15 days of the incident. *See* Exhibit A to *Martinez* Report of Defendants Abeyta and Godfrey [Doc. 13], policy CD-150500, II Procedures, A(1). Plaintiff's grievance was filed August 26, 2002, seven months after the alleged incident, and was rejected as untimely. *See id.*, Inmate Grievance Form and Letter from John Shanks, dated December 3, 2002.

5.      Dr. Penn's *Martinez* Report [Doc. 12] also attaches the policy for inmate grievances, Exhibit A. Medical issues are grievable. *See id.* at 4. The Affidavit of Kirk Desormeaux, who is the Health Services Administrator for Addus HealthCare, Inc., which is located at the New Mexico State Penitentiary, states that Plaintiff never filed a grievance against Dr. Penn. Exhibit B. Dr. Penn submits Plaintiff's medical records for the January 29 incident, showing that she provided medical care to Plaintiff.[2]

---

[2] According to Plaintiff, he was beaten by certain individuals, including Defendant Godfrey; according to the incident report, Plaintiff attacked, among others, Defendant

2

6.	The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) requires that all available administrative remedies be exhausted before a prisoner brings a suit pursuant to § 1983. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Failure to exhaust requires this court to dismiss; dismissal with prejudice is appropriate where the inmate cannot avail himself of the available remedies where, as here, the time for filing is long past. *Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002).

7.	In response to the Defendants' *Martinez* reports, Plaintiff asserts that he did timely file a grievance and sent letters to Dr. Penn regarding medical care. Plaintiff's submitted documents are unauthenticated and differ in some respects from the other documents he has submitted. The fact remains that Defendant Abeyta was not mentioned in the grievance form; and that Plaintiff has failed to come forward with evidence showing that he timely filed a grievance against Defendants Godfrey and Dr. Penn.

## RECOMMENDED DISPOSITION

I recommend that this case be dismissed with prejudice for Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Richard L. Puglisi
United States Magistrate Judge

---

Godfrey. Resolution of this factual dispute is unnecessary due to Plaintiff's failure to exhaust his administrative remedies.